UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
EVERTON GONZALEZ,

                Plaintiff,

     -against-

C.O. JOSHUA BARTLETT, C.O. ADAM
SNYDER, and SGT. WILLIAM FOOSE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands
a Trial by Jury

9:21-cv-443 (BKS/ML)

       Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

       1.  That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

       2.  That at all times herein mentioned, Plaintiff was an inmate at the Mid-State Correctional Facility (Mid-State), in Marcy, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision ("DOCCS").

       3.  That at all times herein mentioned, Defendants were and are citizens of the State of New York.

       4.  That at all times herein mentioned, Defendant C.O. Joshua Bartlett ("Bartlett") was a correction officer employed at Mid-State by DOCCS.

       5.  That at all times herein mentioned, Bartlett was acting within the course and scope of his employment as a DOCCS correction officer.

1

6. That at all times herein mentioned, Bartlett was acting under color of state law.

7. That at all times herein mentioned, Defendant C.O. Adam Snyder ("Snyder") was a correction officer employed at Mid-State by DOCCS.

8. That at all times herein mentioned, Snyder was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Snyder was acting under color of state law.

10. That at all times herein mentioned, Defendant Sgt. William Foose ("Foose") was employed as a correction sergeant at Mid-State by DOCCS.

11. That at all times herein mentioned, Foose was acting within the course and scope of his employment as a DOCCS sergeant.

12. That at all times herein mentioned, Foose was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of Plaintiff's civil rights, including rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

14. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

15. That on April 28, 2018, inside Mid-State, Bartlett demanded that Plaintiff get against the wall to be pat-frisked without any legal justification and not in furtherance of any legitimate penological interest.

16. That during the pat-frisk, Bartlett, without any legal justification and not in furtherance of any legitimate penological interest, brutally and maliciously assaulted Plaintiff by, among other things, knocking Plaintiff to the ground and punching Plaintiff multiple times in his head and body.

17. That during Bartlett's assault, Snyder began brutally and maliciously assaulting Plaintiff by, among other things, punching and kicking Plaintiff while he remained on the ground.

18. That during this assault, Foose arrived on the scene and intentionally failed to intervene on Plaintiff's behalf to stop the unjustified batteries being committed against him.

19. That following this brutal assault, Plaintiff was deliberately denied medical attention when he was escorted to the Special Housing Unit instead of being immediately taken to the infirmary.

20. That following this brutal assault, Bartlett falsely accused Plaintiff of a number of offenses, including but not limited to, assaulting Bartlett and disregarding and disobeying Bartlett's orders.

21. That on April 28, 2018, Bartlett authored a false Misbehavior Report and Use of Force Report in which he knowingly and falsely accused Plaintiff of allegations that were untrue and that Bartlett knew were untrue, including that Plaintiff was violent, harassed Bartlett, assaulted Bartlett, created a disturbance, disregarded direct

orders, and refused to comply with a pat frisk; Bartlett also included other misleading information in his reports in an attempt to conceal both his and Snyder's own malfeasance.

22. That on April 28, 2018, Snyder signed his name to Bartlett's false Misbehavior Report and authored his own false Use of Force Report, thereby accusing Plaintiff of allegations that were untrue and that Snyder knew were untrue, in order to cover up his and Bartlett's own malfeasance.

23. That on April 28, 2018, Foose signed off on Bartlett's and Snyder's false reports, despite knowing that the allegations and statements contained within them were untrue, in order to conceal the malfeasance of Bartlett and Snyder.

24. That in support of this false Misbehavior Report Bartlett and Snyder made further statements to investigators and to a hearing officer in which they repeated the false allegations that they had made against Plaintiff.

25. That as a result of the false allegations and false Misbehavior Report, Plaintiff was subjected to severe punitive measures, including being sentenced to a Special Housing Unit (SHU), being denied privileges to which he otherwise would have been entitled, being subjected to punishment that went well beyond that to which prisoners in Mid-State otherwise would be subjected, and endured atypical and significant hardship in relation to the ordinary incidents of prison life.

26. That at all times herein mentioned, Bartlett observed and knew about Snyder's illegal and unconstitutional conduct towards Plaintiff, had a reasonable opportunity to intervene to prevent or stop this illegal conduct, and deliberately chose to take no action to prevent or stop this illegal conduct.

27. That at all times herein mentioned, Snyder observed and knew about Bartlett's illegal and unconstitutional conduct towards Plaintiff, had a reasonable opportunity to intervene to prevent or stop this illegal conduct, and deliberately chose to take no action to prevent or stop this illegal conduct.

28. That at all times herein mentioned, Foose observed and knew about Snyder's and Bartlett's illegal and unconstitutional conduct towards Plaintiff, had a reasonable opportunity to intervene to prevent or stop this illegal conduct, and deliberately chose to take no action to prevent or stop this illegal conduct.

29. That as a result of the aforementioned incident, Plaintiff submitted a grievance to DOCCS with regard to Bartlett and Snyder assaulting him and Foose's failure to intervene on his behalf.

30. That Foose was assigned to investigate Plaintiff's grievance, and despite knowing that he would be in violation of DOCCS directives if he investigated an incident in which he was one of the parties being grieved, Foose intentionally continued to investigate Plaintiff's grievance and reported false findings and otherwise conducted a sham investigation.

31. That as a result of the aforementioned collective actions of Defendants, Plaintiff sustained severe physical and emotional injuries, including but not limited to loss of hearing in his right ear and multiple injuries to his face and to other parts of his body, and endured and will continue to endure pain and suffering, loss of enjoyment of life, extreme emotional distress, and economic loss.

32. That on or about July 7, 2018, the administrative findings as to the false Misbehavior Report that resulted in the punishment meted out to Plaintiff were reversed on the merits, and plaintiff's record in that regard was "dismissed."

33. That the actions of Defendants herein were intentional, sadistic, and malicious, served no legitimate penological interest, and were extreme and outrageous conduct that shocks the contemporary conscience.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (42 USC § 1983: Eighth Amendment)

34. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

35. That the aforementioned acts by Bartlett, Snyder and Foose were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

36. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 USC § 1983.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (42 USC § 1983: Fourteenth Amendment)

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

38. That the aforementioned acts by Bartlett, Snyder and Foose were in violation of the substantive due process rights guaranteed to Plaintiff under the Fourteenth Amendment to the US Constitution.

39. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
(42 USC § 1983: Failure to Intervene)

40. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41. That Bartlett, Snyder and Foose had opportunities to intervene on behalf of Plaintiff to prevent his assault and deprivation of civil liberties but with deliberate indifference declined to do so.

42. That the Defendants' failures to intervene violated Plaintiff's constitutional right to be free from cruel and unusual punishment and to not be deprived of substantive due process as guaranteed by the Eighth and Fourteenth Amendments.

43. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars and punitive damages in the amount of One Million ($1,000,000) Dollars, and Plaintiff seeks attorney's fees against all Defendants pursuant to 42 USC § 1988, and interest, costs, and disbursements of this action.

Dated: New York, New York
April 19, 2021

s/ **Edward Sivin**
Edward Sivin Bar Number: 514765
Attorney for Plaintiff
Sivin, Miller & Roche, LLP
20 Vesey Street, Ste. 1400
New York, NY 10007
Telephone: (212) 349-0300
Fax: (212) 406-9462
Email: esivin@sivinandmiller.com